UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Omare Omititi, | Court File No. 21-cv-01140-DSD-BRT |
| Plaintiff, | **ANSWER** |
| v. | |
| ResCare Minnesota, Inc., | |
| Defendant. | |

Defendant ResCare Minnesota, Inc. ("Defendant"), by and through its undersigned attorneys, denies each and every allegation set forth in the Complaint of Plaintiff Omare Omititi ("Plaintiff") unless otherwise stated herein, and for its Answer, states and alleges as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff reported he was assaulted by a patient while an employee of Defendant. Defendant denies the remainder of the allegations in Paragraph 1.

## THE PARTIES

2. Upon information and belief, Defendant admits the allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

## JURISDICTION

4. Defendant denies the allegations in Paragraph 4.

## FACTUAL BACKGROUND

5. Defendant denies the allegations in Paragraph 5. Plaintiff began his employment with Defendant in 2000, not 2001 as alleged.

6. Defendant admits the allegations in Paragraph 6.

13370482v2

7. Defendant admits that Plaintiff reported that he was assaulted by a patient on October 24, 2018. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 7, and therefore denies the same.

8. Defendant admits that Plaintiff sought medical treatment. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8, and therefore denies the same.

9. Defendant admits it accommodated Plaintiff's work restrictions, and otherwise denies the allegations in Paragraph 9.

10. Defendant admits that Plaintiff mediated his claims on September 5, 2019 and resigned his employment that day. Defendant otherwise denies the allegations in Paragraph 10.

11. Defendant admits that Plaintiff purported to rescind his release of claims by letter dated September 11, 2019. Defendant otherwise denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

## COUNT I:
## Refusal to Offer Continued Employment in Violation of Minn. Stat. § 176.82

1. Paragraph 1 contains only legal conclusions to which no response is required. To the extent a response is required, the statute cited speaks for itself.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.

13370482v2

## COUNT II:
### Retaliatory Discharge in Violation of Minn. Stat. § 176.82

5. Paragraph 5 contains only legal conclusions to which no response is required. To the extent a response is required, the statute cited speaks for itself.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

Plaintiff's ad damnum clause contains only legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff's own actions are the cause of any damages he allegedly suffered.

3. Plaintiff's claims are barred, in whole or in part, as a result of Plaintiff's failure to mitigate his damages.

4. Plaintiff's claims are barred, in whole or in part, by virtue of the fact that Defendant acted at all times with "reasonable cause" under Minn. Stat. § 176.82.

5. All conduct and actions on the part of Defendant concerning Plaintiff were wholly based on legitimate, non-retaliatory reasons.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

7. As a separate and alternative defense to Plaintiff's Complaint, Defendant alleges that claims contained in the Complaint may be barred by any or all of the affirmative defenses

3

contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent that Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set out above, it cannot be determined until Defendant has had the opportunity to complete discovery. Defendant, therefore, incorporates all such affirmative defenses as if fully set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court issue an order:

1. Denying each of Plaintiff's requests for relief;

2. Dismissing with prejudice each of Plaintiff's claims and/or entering judgment on each claim against Plaintiff and in favor of Defendants;

3. Denying Plaintiff's request for attorneys' fees and costs;

4. Denying Plaintiff's request for punitive and treble damages;

5. Awarding Defendant its attorneys' fees and costs to the extent permissible by law; and

6. Granting such further relief as the Court deems just and equitable.

Dated: May 10, 2021				TAFT STETTINIUS & HOLLISTER LLP

				By: */s/ Britt M. Gilbertson*
				Britt M. Gilbertson, Bar No. 34977X
				BGilbertson@Taftlaw.com
				Samuel N. Louwagie, Bar No. 0400885
				SLouwagie@Taftlaw.com

				2200 IDS Center
				80 South 8th Street
				Minneapolis, MN  55402
				Telephone:	(612) 977-8400
				Facsimile:	(612) 977-8650

				Attorneys for Defendant

5

13370482v2